11-2066-ag
Lin v. Holder

BIA
Schoppert, IJ
A088 783 084
A088 783 085

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of August, two thousand twelve.

PRESENT:
            JOHN M. WALKER, JR.,
            ROBERT A. KATZMANN,
            CHRISTOPHER F. DRONEY,
                *Circuit Judges.*

_____

ZHUANG YING LIN, JI BO QIU,
        *Petitioners,*

        v.                                    11-2066-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      H. Raymond Fasano, Youman, Madeo &
                     Fasano, LLP; New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General;
                     Emily Anne Radford, Assistant Director;
                     Victor M. Mercado-Santana, Trial
                     Attorney, Office of Immigration
                     Litigation, United States Department of
                     Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioners Zhuang Ying Lin and Ji Bo Qiu, natives and citizens of the People's Republic of China, seek review of an April 21, 2011, decision of the BIA affirming the May 6, 2009, decision of Immigration Judge ("IJ") Douglas Schoppert denying Lin's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhuang Ying Lin, Ji Bo Qiu*, Nos. A088 783 084/085 (B.I.A. Apr. 21, 2011), aff'g Nos. A088 783 084/085 (Immig. Ct. N.Y. City May 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, like Lin's governed by the REAL ID Act, the agency may, considering the totality of the

circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her or her witness's statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Lin did not testify credibly. The IJ reasonably relied on inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. As the IJ noted, Lin's testimony regarding the cadres' attempt to arrest her in March 2007 was inconsistent with the letter from her father regarding whether anyone was home at the time the cadres arrived. This inconsistency provides substantial support for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that the agency may base a credibility determination on inconsistencies between the applicants oral statements, and "the consistency of such statements with other evidence of record").

Petitioners argue that Lin's testimony can be interpreted as consistent with the letter, and the IJ erred in

3

interpreting it otherwise.  This "*ex post* justification,"
however, is not a sufficient basis to overturn the agency's
adverse credibility determination, as it does not compel the
conclusion that a reasonable fact finder would credit Lin's
testimony.  *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.
2003) (observing that a petitioner must offer more than a
"plausible alternative theory" to warrant reversal); *see also*
*Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding
that an agency need not credit an applicant's explanations
unless those explanations would compel a reasonable fact-
finder to do so).  This is particularly true in this case
because, when confronted with the apparent inconsistency
between her testimony and her father's letter, Lin stated that
she could not explain it.

The IJ's adverse credibility determination is further
supported by his demeanor finding. Although Petitioners argue
that the IJ's observation of Lin's demeanor is not supported
by the record, we give particular deference to the trier of
fact's assessment of demeanor.  *See Majidi*, 430 F.3d at 81,
n.1.  In finding Lin not credible, the IJ reasonably relied in
part on her demeanor, noting that Lin's responses to questions
were "almost always extremely brief and conclusory" and lacked

4

detail. Because the IJ was in the best position to observe Lin's manner while testifying, we afford this finding particular deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Given the inconsistency in the record and Lin's failure to explain it, and in light of our deference to the agency's findings regarding demeanor, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167 (explaining that this Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling"). Accordingly, the agency did not err in denying asylum and withholding of removal as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk